Ms. Deana M. Keathley 504 Green Mountain Drive, #701 Little Rock, Arkansas 72211
Dear Ms. Keathley:
This is in response to your request for an opinion, pursuant to A.C.A. 25-19-105(c)(3)(B), as to whether the decision of the Little Rock School District with respect to the release of "a copy of any and all payroll/salary information available from May 2, 1994 through June 1, 1994, concerning you" is consistent with the Arkansas Freedom of Information Act ("FOIA"), A.C.A.25-19-101 to -107 (Repl. 1992 and Supp. 1993). In the correspondence attached to your request, Dr. Richard E. Hurley, Director of Human Resources for the Little Rock School District, states that the foregoing records constitute "personnel records" for purposes of the FOIA and that the district has made a determination that the records are subject to public disclosure. Dr. Hurley notes, however, that "personal or private information (i.e., Social Security numbers, unlisted telephone numbers, marital status, paternity, medical records and other records reflecting `embarrassing behavior')" will be deleted from the records prior to their disclosure. You note in your request that it is unclear to you why your payroll/salary information is being singled out for review and that you are paid according to a standard salary classification table. With respect to the release of your "payroll/salary" records, you have asked for an opinion as to whether their release would constitute a "clearly unwarranted invasion of [your] personal privacy rights."
It is my opinion that the Little Rock School District is correct in characterizing your "payroll/salary" records as "personnel records" for purposes of the FOIA. Personnel records are exempt only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A.25-19-105(b)(10). In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. It was stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992), that:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the Court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The Court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The Court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidate's lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The Court therefore found a substantial privacy interest in the records. The Court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidate's names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington Post Co.,456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Department of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F.Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Thus, the test to determine to what extent personnel records are exempt from the FOIA is an objective test which has been developed through case law. As this office has previously stated in Op. Att'y Gen. No. 93-055, the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See also Watkins, The Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 126. Consistent with the precepts set forth above, the appropriate procedure for the custodian of personnel records to follow is, therefore, to delete any exempt information and make the remainder of the records available for inspection and copying.
As to the specific records at issue here, those containing "any and all payroll/salary information" for the period from May 2, 1994 through June 1, 1994, it is my opinion, as stated previously, that they would be considered "personnel records" for purposes of the FOIA. As such, the Little Rock School District should release the records after deleting any exempt information (information the disclosure of which would constitute a "clearly unwarranted invasion of personal privacy"). In accordance with the cases cited above, it is my opinion that records reflecting your salary are clearly subject to disclosure, as such information does not constitute a "clearly unwarranted invasion of personal privacy." It is also my opinion, once again in accordance with the cases cited above, that the decision of the district to delete your social security number, marital status, and paternity (if such information is contained in the records) would be consistent with the FOIA. Additionally, the district's decision to excise any medical records from the information requested would be consistent with the FOIA since such records, whether or not contained in a personnel file, are specifically exempted under A.C.A. 25-19-105(b)(2). It is also my opinion that the district's decision to excise your telephone number, if unlisted, would be correct under the FOIA.
See generally Op. Att'y Gen. Nos. 93-055, 90-335. As to the district's decision to excise any "other records" which may be present that would reflect "embarrassing behavior," I assume that the district is referring to the balancing test set forth in Young v. Rice, as discussed on page 2 of this opinion. As I have not been provided with the records in question, I cannot make a determination as to whether "other records" could be exempted under the analysis set forth in Young. That is a decision which must be made by the district according to the particular records involved. The discussion of Young provided above, as well as the other cases referenced above, should, however, provide some guidance in determining what, if any, information may be deleted from the "other records" as a "clearly unwarranted invasion of personal privacy." Finally, as the records in question contain payroll information, it is important to note that state income tax records, whether or not contained in personnel records, are specifically exempted by a provision of the FOIA. See A.C.A.25-19-105(b)(1). Federal law also exempts from disclosure certain other tax and withholding information. In this regard, I have enclosed for your review a copy of Op. Att'y Gen. No. 91-093, relating to withholding of federal, state, and FICA taxes. This office has also previously opined in Op. Att'y Gen. No. 87-442
(copy enclosed) that certain other financial information, such as payroll deductions, credit union statements, insurance coverage, and "similar records which would divulge intimate financial details" should be excised from personnel records on the basis that they would constitute an unwarranted invasion of personal privacy.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh